UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARISELA REGIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-05-67 |
| | § | |
| TEXAS DEPT. OF FAMILY AND | § | |
| PROTECTIVE SERVICES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

Pending before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss (Dkt. #4). The motion is ripe for ruling and deemed unopposed because the submission date has passed and the Plaintiff has not filed a response.[1] After careful consideration of the motion, the arguments, the entire record, and the applicable law, the Court is of the opinion that the motion should be GRANTED, as explained below.

### Factual & Procedural Background

For purposes of this Rule 12(b)(6) motion, the Court will accept as true the facts averred by the Plaintiff in her Original Complaint (Dkt. #1). Plaintiff filed this action for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA") on May 25, 2005. In its Original Answer, Defendant moves for the Court to dismiss Plaintiff's ADEA claim pursuant to Rule 12(b)(6). Plaintiff has not responded to this motion.

---

[1] *See* S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling 20 days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition). Also, Plaintiff's counsel advised the Court at the scheduling conference held on October 25, 2005, that Plaintiff would abandon her ADEA claim.

**Rule 12(b)(6) Standard**

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in its favor. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991). Motions to dismiss for failure to state a claim are viewed with disfavor and rarely granted. *Doss v. South Cent. Bell Tel. Co.*, 834 F.2d 421, 424 (5th Cir. 1987) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982), cert. denied, 459 U.S. 1105, 103 S.Ct. 729). The court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *See Spivey*, 197 F.3d at 774 (citing *St. Paul Ins. Co.*, 937 F.2d at 279); *Baker*, 75 F.3d at 196. "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bonner v. Henderson*, 147 F.3d 457, 459 (5th Cir. 1998) (quoting *Rubinstein v. Collins*, 20 F.3d 160, 166 (5th Cir. 1994) (citation omitted)). Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998).

**Discussion**

Defendant contends that Plaintiff cannot maintain an ADEA claim against a state agency pursuant to the Supreme Court's holding in *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000). In *Kimel*, the Supreme Court held that the ADEA did not abrogate the States' constitutional

immunity from suit under the Eleventh Amendment. The Court reasoned that only Section 5 of the Fourteenth Amendment vests Congress with the authority to abrogate State immunity under the Eleventh Amendment and that the ADEA was created pursuant to Congress' Article I commerce power. See *Kimel*, 528 U.S. at 78-79 (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996) (holding that "[e]ven when the Constitution vests in Congress complete lawmaking authority over a particular area, the Eleventh Amendment prevents congressional authorization of suits by private parties against unconsenting States." *Id.* at 72). Consequently, section 216(b) of the ADEA, which explicitly authorized private causes of action against states and state agencies, exceeded Congress' constitutional authority.

Plaintiff concedes in her Original Complaint that "Defendant, Texas Department of Family and Protective Services, is a governmental organization of the State of Texas . . . ."[2] As an agency of the State, Defendant is immune from Plaintiff's private cause of action under the ADEA.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Rule 12(b)(6) Motion to Dismiss (Dkt. #4) should be GRANTED.

It is so ORDERED.

Signed this 3rd day of February, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[2] Dkt. #1, p.2. See also TEX. HUM. RES. CODE § 40.002.